**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **ILEAN STAPLETON,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CASE NO. 4:18-cv-180** |
| | § | |
| **RUIZ FOOD PRODUCTS, INC.,** | § | |
| **Defendants.** | § | |

## COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Ilean Stapleton, Plaintiff, and files this original complaint against Ruiz Food Products, Inc. ("Ruiz" and "Defendant"), and would respectfully show the Court as follows:

### I.  PARTIES

1.    Plaintiff is an individual residing in Grayson County, Texas.

2.    Defendant Ruiz Food Products, Inc.  is a foreign for-profit corporation doing business in Texas and may be served through its registered agent for service, David Owens, 2410 Texoma Drive, Denison, Texas 75020-1066.

### II. JURISDICTION

3.    Jurisdiction is founded on federal question, specifically, 42 U.S.C.A. §2000e, *et seq.* (Unlawful Employment Practices), as amended, and 42 U.S.C. §12101, *et seq.* ("The Americans with Disabilities Act of 1990") ("ADA"), as amended.

4.    All prerequisites to filing suit have been met.

### III. FACTS

5.      Plaintiff was employed for approximately ten (10) months by Ruiz Food Products, Inc. ("Ruiz," "Defendant") at their plant located in Denison, Texas beginning on or about May 17, 2016.  At the time of her discharge on or about March 30, 2017, she was employed as a tortilla thrower.

6.      Upon information and belief, Defendant had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, the requisite number of employees to constitute an "employer" under 42 U.S.C.A. §2000e, *et seq.* (Unlawful Employment Practices), as amended.

7.      Upon information and belief, Defendant had fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, the requisite number of employees to constitute an "employer" under the ADA.

8.      On or about March 24, 2017, Plaintiff was told to report to packaging as an "extra."  She told her lead, Andrea (Last Name Unknown), that my back hurt and she was worried doing the lifting required in packaging would make it worse.  She was then sent to her supervisor, James Ramsey, and the plant's safety representative, Stewart (Last Name Unknown), for further discussion of her request.  They told her she had to have a note from her doctor listing my restrictions.

9.      On March 29, 2017, Plaintiff had her monthly appointment with her obstetrician/gynecologist, Dr. Jamison C. Alexander, who put her on a lifting restriction of 20 pounds.

10.     Plaintiff took the doctor's note to the human resources department on March 30, 2017 where she was told she cannot work with any restrictions at all and that Ruiz did not accommodate restrictions if they were not on-the-job injuries.

11.    Plaintiff pointed out that lifting was not in her regular job description as a tortilla thrower.  In fact, the hoist that was used in the packing operation was non-operational at the time she was sent as an "extra" to that work station.

12.    The human resources representative, Denise (Last Name Unknown), told Plaintiff she "did not think lifting ever hurt anybody."  She told Plaintiff that she could not return to work unless her doctor lifted the restrictions.

13.    At the time of her discharge, Plaintiff was earning $12.95 per hour in base pay plus overtime and benefits.

## IV. FEDERAL CLAIMS FOR RELIEF AND DAMAGES

### COUNT I

### Violations of 42 U.S.C.A. § 2000e, *et seq.* (Unlawful Employment Practices), as amended

14.    A.    Defendant discharged Plaintiff in violation of 42 U.S.C.A. §2000e, *et seq*., (Unlawful Employment Practices), as amended, protecting Plaintiff from discrimination based on her gender (female).

15.    B.    Plaintiff claims all relief, legal and equitable that effectuate her rights under 42 U.S.C.A. §2000e, *et seq*., (Unlawful Employment Practices), as amended.

16.    C.    Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C.A. §2000e, *et seq*., (Unlawful Employment Practices), as amended.

17.    D.    On or about May 26, 2017, Plaintiff filed a written charge with the U.S. Equal Employment Opportunity Commission.  On December 21, 2017, she received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated December 19, 2017.

18.     In addition to Count I, or in the alternative, Plaintiff alleges as follows:

## **COUNT II**

### **Violations of 42 U.S.C.A. § 2000e, *et seq.* (Unlawful Employment Practices), as amended**

19.     A.     Defendant discharged Plaintiff in violation of 42 U.S.C.A. §2000e - 2a(1), *et seq*., (Unlawful Employment Practices), as amended, protecting Plaintiff from pregnancy discrimination.

20.     B.     Plaintiff claims all relief, legal and equitable that effectuate her rights under 42 U.S.C.A. §2000e - 2a(1), *et seq*., (Unlawful Employment Practices), as amended.

21.     C.     Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C.A. §2000e - 2a(1), *et seq*., (Unlawful Employment Practices), as amended.

22.     D.     On or about May 26, 2017, Plaintiff filed a written charge with the U.S. Equal Employment Opportunity Commission.  On December 21, 2017, she received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated December 19, 2017.

23.     In addition to Counts I and II, or in the alternative, Plaintiff alleges as follows:

## **COUNT III**

### **Violations of 42 U.S.C.A. § 2000e, *et seq.* (Unlawful Employment Practices), as amended**

24.     A.     Plaintiff contends she was retaliated against in violation of 42 U.S.C.A. §2000e, *et seq*. (Unlawful Employment Practices), as amended, protecting Plaintiff, a woman, from retaliation for reporting, in good faith, discrimination in the workplace.

25.     B.     Plaintiff claims all relief, legal and equitable that effectuate her rights under 42 U.S.C.A. §2000e, *et seq*. (Unlawful Employment Practices), as amended.

26.     C.     Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C.A. §2000e,

*et seq.* (Unlawful Employment Practices), as amended.

27.     D.     On or about May 26, 2017, Plaintiff filed a written charge with the U.S. Equal Employment Opportunity Commission.  On December 21, 2017, she received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated December 19, 2017.

28.     In addition to Counts I, II, and III, or in the alternative, Plaintiff alleges as follows:

## COUNT IV

## Violations of 42 U.S.C. §12101, *et seq.* ("The Americans with Disabilities Act of 1990") ("ADA"), as amended

29.     A.     Plaintiff is alleging that she was denied reasonable accommodation in violation of 42 U.S.C. §12101, *et seq.* ("The Americans with Disabilities Act of 1990") ("ADA"), as amended, protecting Plaintiff from discrimination in the workplace on the basis of her disability or perceived disability.

30.     B.     Plaintiff claims all relief, legal and equitable, that effectuate her rights under 42 U.S.C. §12101, *et seq.* ("The Americans with Disabilities Act of 1990") ("ADA"), as amended.

31.     C.     Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C. §12101, *et seq.* ("The Americans with Disabilities Act of 1990") ("ADA"), as amended.

32.     D.     On or about May 26, 2017, Plaintiff filed a written charge with the U.S. Equal Employment Opportunity Commission.  On December 21, 2017, she received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated December 19, 2017.

33.     In addition to Counts I, II, III, and IV, or in the alternative, Plaintiff alleges as follows:

## COUNT V

## Violations of 42 U.S.C. §12101, *et seq*. ("The Americans with Disabilities Act of 1990") ("ADA"), as amended

34.    A.    Plaintiff is alleging that she was discharged in violation of 42 U.S.C. §12101, *et seq*. ("The Americans with Disabilities Act of 1990") ("ADA"), as amended, protecting Plaintiff from discrimination in the workplace on the basis of her disability or perceived disability.

35.    B.    Plaintiff claims all relief, legal and equitable, that effectuate her rights under 42 U.S.C. §12101, *et seq*. ("The Americans with Disabilities Act of 1990") ("ADA"), as amended.

36.    C.    Plaintiff requests reasonable attorney's fees as permitted under 42 U.S.C. §12101, *et seq*. ("The Americans with Disabilities Act of 1990") ("ADA"), as amended.

37.    D.    On or about May 26, 2017, Plaintiff filed a written charge with the U.S. Equal Employment Opportunity Commission.  On December 21, 2017, she received the Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission, which was dated December 19, 2017.

## V.  DAMAGES

38.    Plaintiff would show that she has sustained damages within the jurisdictional limits of the Court as a proximate cause of Defendant's wrongful conduct.  Plaintiff claims all relief at law and in equity pursuant to 42 U.S.C.A. §2000e, *et seq*. (Unlawful Employment Practices), as amended, and pursuant to 42 U.S.C. §12101, *et seq*. ("The Americans with Disabilities Act of 1990") ("ADA"), as amended.

## VI. ATTORNEY'S FEES

39.    Plaintiff would show that, as a result of Defendant's wrongful conduct as set forth herein, she is entitled to reasonable and necessary attorney's fees.

## VII. JURY DEMAND

40.    Plaintiff requests that this matter be tried before a jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that upon final hearing hereof, Plaintiff have judgment against Defendant for actual damages in an amount within the jurisdictional limits of the Court together with interest on said amount at the highest rate allowed by law; reinstatement; mental anguish; punitive damages; reasonable attorney's fees; costs of court; prejudgment and postjudgment interest; and any and all further relief, at law or in equity, general or special, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**RONALD R. HUFF**
Attorney and Counselor at Law
112 South Crockett Street
Sherman, Texas 75090
(903) 893-1616 (telephone)
(903) 813-3265 (facsimile)
ronhuff@gcecisp.com


  /s/ Ronald R. Huff_____
Ronald R. Huff (SBN 10185050)
**ATTORNEY FOR PLAINTIFF**